904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward BICKFORD, Defendant-Appellant.
 No. 89-5543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 20, 1989.
Decided: May 23, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CR-88-65).
 William N. Butler, Howard, Butler & Melfa, P.A., Towson, Md., for appellant.
 Margaret Person Currin, United States Attorney, Robert D. Boyce, Assistant United States Attorney, Raleigh, N.C.; Robert J. Erickson, Louis M. Fischer, United States Department of Justice, Washington, D.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, K.K. HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, William Bickford, was convicted and sentenced for possession with intent to distribute cocaine, and aiding and abetting thereof, and possession of a firearm during drug trafficking, and aiding and abetting thereof.
 
 
 2
 The only question raised on appeal is the validity of the search of an automobile which disclosed the cocaine and the firearm.
 
 
 3
 Bickford, who was engaged to the daughter of one Walton, was travelling north on Interstate 95 in North Carolina in company with Walton. The automobile belonged to Walton, and Bickford was driving. On previous occasions, Walton had permitted Bickford to use the car in which they were travelling. On the occasion under examination here, Walton had been driving the car, and the two had swapped driving duties sometime before the search. Walton, however, never did anything which would indicate that Bickford had any possessory interest in the car, or any ability to control or exclude its use by others, or to have allowed anyone into the car, or to have used the car, over Walton's objection.
 
 
 4
 Because Bickford slowed the car down to as low as 30 miles per hour and speeded it up to 55 to match the speed of the state police vehicle operated by Trooper Futrell, and was weaving on the highway, Futrell pulled Bickford over by signalling with his lights. Futrell found that Bickford had been drinking, although in Futrell's opinion was not intoxicated to an extent to be in violation of North Carolina law, and issued Bickford a warning ticket. Futrell asked if Walton could drive. Upon receiving an affirmative answer, Futrell decided to check Walton's driver's license. When the door was opened on Walton's side of the car, Futrell saw in the car an envelope containing a white powdery substance, which he thought was cocaine. He arrested Bickford and Walton, administered a field test which indicated the substance in the envelope was, in fact, cocaine, and searched the car, which revealed more than 20 envelopes of cocaine and the gun involved.
 
 
 5
 Under these circumstances, the district court found that Bickford did not have a reasonable expectation of privacy in the car under Rakas v. Illinois, 439 U.S. 128 (1978), and thus had no standing to contest the search.
 
 
 6
 We agree, and affirm the conviction for the reasons stated by the district court in its opinion issued at the conclusion of the suppression hearing.
 
 AFFIRMED